[Cite as *State v. Spillman*, 2011-Ohio-310.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2010-CA-63 |
| EDDIE SPILLMAN | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING: Criminal appeal from the Richland County Court of Common Pleas, Case No. 2005-CR-865 & 2006-CR-138H

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: January 26, 2011

APPEARANCES:

For Plaintiff-Appellee

JAMES J. MAYER, JR.
Richland County Prosecutor
38 South Park Street
Mansfield, OH 44902

For Defendant-Appellant

JEFFEREY R. STIFFLER
DAVID C. BADNELL CO., L.P.A.
21 North Walnut Street
Mansfield, OH 44902

*Gwin, P.J.*

{¶1} Defendant-appellant Eddie Spillman, Jr. appeals two judgments of the Court of Common Pleas of Richland County, Ohio. In 2005-CR-0865, appellant pled guilty to one count of escape in violation of R.C. 2921.34 and in 2006-CR-138, appellant pled guilty to one count of failing to notify of change of address in violation of R.C. 2950.05. Appellant assigns three errors to the trial court:

{¶2} "I. THE TRIAL COURT ERRED IN ACCEPTING APPELLANT'S PLEAS OF GUILTY, AS APPELLANT'S PLEAS WERE NOT MADE KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY IN ACCORDANCE WITH CRIMINAL RULE 11 (C)(2).

{¶3} "II. APPELLANT'S RIGHT TO SPEEDY TRIAL, AS GUARANTEED BY THE UNITED STATES CONSTITUTION AND THE OHIO CONSTITUTION, WAS VIOLATED BECAUSE HE WAS NOT BROUGHT TO TRIAL WITHIN THE STATUTORILY MANDATED TIME.

{¶4} "III. THE TRIAL COURT ERRED AS APPELLANT'S RIGHTS WERE VIOLATED BECAUSE APPELLANT WAS DEPRIVED OF EFFECTIVE ASSISTANCE OF COUNSEL AT THE TRIAL LEVEL."

{¶5} The record indicates appellant absconded from a half-way house while he was on parole for prior offenses. At the hearing on the change of plea, the trial court informed appellant he had the right to a trial either before a jury or a judge. The court advised appellant he was entitled to the presumption of innocence and the right to be represented by an attorney. The court informed appellant if the State did not convince a

jury of his guilt, it would find him not guilty. The court advised appellant he did not have to prove his innocence.

**{¶6}** The trial court informed appellant he had the right to confront witnesses. The court explained appellant's right to cross examination, and the State's subpoena power. The court advised appellant he had the right to testify and call witnesses, but he could not be forced to testify against himself. The court informed appellant the State had to prove beyond a reasonable doubt that he was guilty of the charged offenses. The court also advised appellant the jury determines guilt, but not punishment.

**{¶7}** The court then inquired whether appellant understood his Constitutional rights. Appellant raised the issue of speedy trial, informing the court he believed the speedy trial time had run, if it was counted from the time he was arrested or jailed. The court responded that appellant was in custody on another charge in addition to the two at issue, and thus, the time did not run. The court informed appellant the real issue was whether or not he had been prejudiced by the lapse of time, and the court found appellant had not been prejudiced. Defense counsel also spoke, and offered his opinion that speedy trial was not an issue in these cases. Thereupon, the appellant stated he thought he understood his Constitutional rights.

**{¶8}** The court then explained the maximum penalties for the offenses and advised him he would be placed on post-release control after he was released from prison. The court advised him community control "is not being considered and won't be considered". If it were considered, the court could place appellant on community control for up to five years. The court advised appellant it could allow judicial release before

appellant completed his sentence. The court also noted there was a potential fine. Appellant stated he had no questions.

{¶9} The court inquired whether appellant was satisfied with the level of representation his attorney had provided, and appellant responded that he believed so. The court inquired of defense counsel whether he was convinced appellant was entering his plea of his own free will. Counsel responded he had explained everything to appellant and he had the utmost confidence that appellant understood.

{¶10} The court inquired of appellant his level of formal schooling. Appellant responded he had GED and a little college, and the court found he was literate. Thereafter, the court accepted appellant's pleas of guilty and permitted appellant and counsel to address the court regarding sentencing.

I.

{¶11} In his first assignment of error, appellant urges his pleas were not made knowingly, intelligently or voluntarily.

{¶12} Appellant argues when asked what his pleas to the charge would be, he answered "Guilty, I guess", and when asked whether anyone had said or done anything to force him to make the pleas against his will, he responded he felt he had no choice in life. Defense counsel stated appellant understood the need for a "pragmatic acceptance" of his situation.

{¶13} Appellant also argues the trial court did not inform him he was not eligible for probation or community control as required by Civ. R. 11 (C). The court informed appellant community control sanctions were not being considered and would not be

considered, but did not specifically tell appellant he was not eligible for community control.

{¶14} This court has reviewed the extensive dialogue between the court and appellant, and we find appellant understood the nature of the charges and the significance of his guilty plea. The record indicates appellant understood his constitutional rights, and the fact he would not receive community control. Appellant stated he had reformed during the period of his escape, but also believed the best outcome he could hope for was to plead guilty. We find no error.

{¶15} The first assignment of error is overruled.

II.

{¶16} In his second assignment of error, appellant argues his speedy trial rights were violated. Unfortunately, the record does not contain any information regarding appellant's arrest or his subsequent incarceration. In their briefs, the parties both appear to concede appellant was arrested in September on warrants for these charges, and was held in custody for violation of the conditions of his parole, but this is not a part of the record on appeal. The record does not indicate if or when the parole violation was adjudicated, and if or when appellant's prior sentence was re-imposed.

{¶17} If appellant was arrested on these charges, then the speedy trial time began to run on the date of his arrest regardless of whether he was also arrested and held for the parole violation. If appellant was incarcerated for the parole violation, but had not been arrested on the charges of escape and failure to register, then, as the state argues, he was required to provide notice pursuant to R.C. 2941.401 to invoke his right to speedy trial.

**{¶18}** Because the information concerning appellant's arrest and incarceration before the change of plea is not a part of the record on appeal, we must find appellant cannot demonstrate the error he alleges. The issue must be raised in a petition for post-conviction relief.

**{¶19}** The second assignment of error is overruled.

III.

**{¶20}** In his third assignment of error, appellant argues he was deprived of the effective assistance of counsel at the trial level because counsel did not pursue the issue of his speedy trial rights. Because of the lack of information in the record, this court cannot find counsel was ineffective.

**{¶21}** The third assignment of error is overruled.

**{¶22}** For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.

By Gwin, P.J.,

Farmer, J., and

Delaney, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER

_____
HON. PATRICIA A. DELANEY

WSG:clw 0110

[Cite as *State v. Spillman*, 2011-Ohio-310.]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| EDDIE SPILLMAN | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2010-CA-63 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed. Costs to appellant.

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER

_____
HON. PATRICIA A. DELANEY